UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **PATRICK DOUGHTY** and **RANDY SEVERANCE,** as individuals and representatives of the requested class, Plaintiffs, v. **STATE EMPLOYEES' ASSOCIATION OF NEW HAMPSHIRE, SEIU, LOCAL 1984, CTW, CLC,** Defendant. | Case No. _____ **COMPLAINT – CLASS ACTION** Jury Demand if any issues so triable |

## INTRODUCTION

1. Patrick Doughty and Randy Severance ("Plaintiffs") are public employees of the State of New Hampshire who are exclusively represented by the State Employees' Association of New Hampshire, SEIU, Local 1984, CTW, CLC ("SEIU 1984" or "Union"). SEIU 1984 maintains and has maintained collective bargaining agreements ("CBAs") within the limitations period with the State of New Hampshire ("State") that establishes and established the terms and conditions of employment for Plaintiffs' respective bargaining units. Although Plaintiffs are not members of the Union, they were forced by provisions of the operative CBAs to pay union fees to the Union as a condition of their employment. The State deducted those compulsory fees without their consent and remitted them to the Union.

2. On June 27, 2018, the United States Supreme Court held:

States and public-sector unions may no longer extract fees from nonconsenting employees. * * * Neither [a forced] fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to

1

collect such a payment, unless the employee affirmatively consents to pay. By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed.

*Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018) (citations omitted).

3. SEIU 1984 violated the First and Fourteenth Amendments to the United States Constitution by requiring Plaintiffs and other state employees (the "Class Members"), the Class Plaintiffs seek to represent, to pay compulsory union fees – despite Plaintiffs' and the Class Members' not belonging to the Union or authorizing the deductions.

4. Plaintiffs bring this civil rights action pursuant to 42 U.S.C. § 1983 on behalf of themselves and all others similarly situated, seeking: (a) judgment declaring the Union's practice of forcing Plaintiffs to pay fees to fund union activities of any kind violates the First and Fourteenth Amendments; (b) judgment declaring the forced fee provisions of the CBA covering Plaintiffs' and Class Members' bargaining units violate the First and Fourteenth Amendments and are null and void; and (c) damages in the amount of the unlawful compulsory fees seized from Plaintiffs and Class Members that SEIU 1984 demanded or received; and (d) costs and attorneys' fees under 28 U.S.C. § 1920 and 42 U.S.C. §1988.

**JURISDICTION AND VENUE**

5. This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiffs and Class Members by the United States Constitution, particularly the First and Fourteenth Amendments.

6. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

7. This action is an actual controversy in which Plaintiffs seek a declaration of their rights under the United States Constitution. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare the rights of Plaintiffs and grant further necessary and proper relief based thereon, including injunctive relief pursuant to Fed. R. Civ. P. 65.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and SEIU 1984 operates and does business in this judicial district.

**PARTIES**

9. Plaintiff Patrick Doughty resides in Grafton County, New Hampshire, and works throughout the State of New Hampshire ("State") as a public employee of the State in a bargaining unit represented by SEIU 1984.

10. Plaintiff Randy Severance resides in Merrimack County, New Hampshire, and works in Merrimack County, New Hampshire, as a public employee of the State in a bargaining unit represented by SEIU 1984.

11. The State Employees' Association of New Hampshire, SEIU, Local 1984, CTW, CLC ("SEIU Local 1984" or "Union") is a state-wide labor union incorporated in the State of New Hampshire, headquartered at 207 N. Main Street, Concord, New Hampshire 03301. The Union represents public employees and enters into collective bargaining agreements with public employers throughout New Hampshire, including the State.[1]

---

[1] There are at least two collective bargaining agreements that cover Plaintiffs' employment during this litigation: Collective Bargaining Agreement between the State of New Hampshire and the State Employees' Association of New Hampshire, Service Employees International Union, Local 1984, 2018-2019, http://www.seiu1984.org/files/2012/03/2018-2019-CBA.pdf; Collective Bargaining Agreement between the State of New Hampshire and the State Employees' Association of New Hampshire, Service Employees International Union, Local 1984, 2015-2017, https://das.nh.gov/hr/cba2015/CBA%202015-2017.pdf. SEIU 1984 also entered into CBAs with other public employers during the period that also contained forced fee requirements.

## FACTUAL ALLEGATIONS

12. Plaintiff Patrick Doughty has worked for the State in the Department of Transportation and has been in a bargaining unit represented by the Union since October of 2001. Between October 2012 and June 22, 2018, Plaintiff Doughty was forced by the Union and the State, as a condition of employment, to pay fees out of his wages, without his consent, to the Union.

13. Plaintiff Randy Severance has worked for the State in the Department of Information Technology and has been in a bargaining unit represented by the Union since December of 1990. Between August 2006 and June 22, 2018, Plaintiff Severance was forced by the Union and the State, as a condition of employment, to pay fees out of his wages, without his consent, to the Union.

14. Though Plaintiffs were members of neither the Union nor its affiliates during the limitations period, both were compelled, pursuant to the compulsory union fee provisions of Article 5.7 of their relevant CBAs, to pay a nonmember fee to SEIU 1984, which distributed some of the fee to its affiliates as a condition of their public employment prior to *Janus*.

15. Defendant acted under color of state law when it required, collected, and received these compulsory fees from Plaintiffs and the Class Members pursuant to the relevant CBAs which required these payments from Plaintiffs' and Class Members' wages.

## PLAINTIFFS' CLASS ALLEGATIONS

16. Plaintiffs bring this class action under Fed. R. Civ. P. 23(b)(3). The class includes all individuals employed by the State, and other public employers, who, as a condition of employment, were forced to pay union fees to SEIU 1984, which distributed some of the fees to its affiliates, any time during the limitations period. The class includes everyone who paid

compulsory union fees for the period(s) during which compulsory nonmember fees were collected and remitted to the Union – including former and retired employees, those who have moved to other states, and those who eventually joined the Union. Collectively, the individuals who satisfy these criteria are referred to as "Class Members."

17. The number of persons in the class makes joinder of the individual class members impractical.

18. There are questions of fact and law common to all Class Members. Factually, Plaintiffs and all Class Members are or were public employees who were not members of the Union and were compelled to pay agency fees to SEIU 1984, which distributed some of those fees to its affiliates, as a condition of public employment. The U.S. Constitution affords the same rights to Plaintiffs and all Class Members. The common questions include whether they are entitled to the return of the compulsory union fees required as a condition of employment without their consent.

19. Plaintiffs' claims are typical of other Class Members, because the Class Members did not affirmatively consent to financially support the Union and/or its affiliates yet have been forced by the applicable CBA provisions to financially support SEIU 1984 and/or its affiliates in violation of their rights.

20. Plaintiffs can adequately represent the interests of all Class Members and have no interests antagonistic to any Class Member because all have been forced to pay, as a condition of employment, fees from their wages without their consent.

21. A class action can be maintained under Fed. R. Civ. P. 23(b)(3) because the common questions of law and fact identified in this Complaint predominate over any questions affecting only individual Class Members. A class action is superior to other available methods

for the fair and efficient adjudication of the controversy because, among other things, all Class Members have been subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for Class Members to maintain separate actions. The amount of the forced fee deductions taken from Plaintiffs and Class Members and the amount of damages are known to SEIU 1984.

## CAUSE OF ACTION

### COUNT I

(Forced fees violate 42 U.S.C. § 1983 and
the First and Fourteenth Amendments)

22. Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

23. By and through the terms of the compulsory union fee provisions of the CBAs between Plaintiffs' and the Class Members' public employers and SEIU 1984, the Union has illegally compelled Plaintiffs and Class Members to financially support the Union, which distributed some of those fees to its affiliates.

24. As a result of the actions set forth in the foregoing paragraph, SEIU 1984 has violated Plaintiffs' and the Class Members' First Amendment rights, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, not to associate with or financially support a labor organization and its affiliates as a condition of employment, without their affirmative consent and knowing waiver of their First Amendment rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court:

A. **Class action:** Enter an order, as soon as practicable, certifying this case as a class action, certifying the class as defined in this Complaint, certifying Plaintiffs as class representatives for the class, and appointing Plaintiffs' counsel as class counsel for the class;

B. **Declaratory Judgment:** Enter a declaratory judgment that all compulsory union fee provisions of collective bargaining agreements that compelled Plaintiffs and Class Members to pay fees to the Union and its affiliates as a condition of their employment, and the receipt and use of those forced fees by SEIU 1984, which distributed some of these fees to its affiliates, are unconstitutional under the First Amendment, as secured by the Fourteenth Amendment to the United States, and are null and void;

C. **Damages:** Enter a judgment awarding Plaintiffs and Class Members compensatory damages, refunds, or restitution in the amount of compulsory union fees paid to the Union from their wages without their written consent, and other amounts as principles of justice and equity require;

D. **Interest:** Award Plaintiffs and Class Members pre-judgment and post-judgment interest, as appropriate, on all amounts due to them as a result of this action;

E. **Costs and attorneys' fees:** Award Plaintiffs their costs and reasonable attorneys' fees pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988, and as otherwise permitted by law; and

F. **Other relief:** Award Plaintiffs and Class Members such other and additional relief as this Court deems just, equitable, or proper.

Respectfully submitted,

**PATRICK DOUGHTY and
RANDY SEVERANCE,**
as individuals and representatives of
the requested class,
By Their Attorneys,

Date: January 14, 2019  /s/ Bryan K. Gould
Bryan K. Gould, Esq. (NH Bar #8165)
gouldb@cwbpa.com
Cleveland, Waters and Bass, P.A.
Two Capital Plaza, P.O. Box 1137
Concord, NH 03302-1137
Telephone: (603) 224-7761
Facsimile: (603) 224-6457

Milton L. Chappell, DCB #936153
mlc@nrtw.org
Alyssa K. Hazelwood, MDB (no bar number)
akh@nrtw.org
Frank D. Garrison, IN #34024-49
fdg@nrtw.org
c/o National Right to Work Legal
    Defense Foundation, Inc.
8001 Braddock Rd, Ste. 600
Springfield, VA 22160
Tel: (703) 770-3329

Attorneys for Plaintiffs and the Requested Class
*(Pro Hac Vice* to be filed)